UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>OMAR JAMEL WILLIAMS,<br>Defendant. | Case No. 12-cr-00455-PJH-1<br>**ORDER DENYING MOTION FOR SENTENCE REDUCTION**<br>Re: Dkt. No. 40 |

Before the court is the motion of defendant Omar Jamel Williams, appearing pro se, to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 782 to the United States Sentencing Guidelines Manual ("USSG"). Doc. no. 40. The office of the Federal Public Defender filed a notice of appearance and statement of intention not to file a motion on defendant's behalf and not to oppose or respond to any status report filed by the Probation Office or the government. Doc. no. 39.

The Probation Office filed a sentence reduction investigation report concluding that defendant is not entitled to a reduction of sentence because Amendment 782, which revises the Drug Quantity Table, has no impact on defendant's total offense level, which was determined by the firearms guideline, rather than the drug guideline. Doc. no. 41. That is because Counts One (possession with intent to distribute methamphetamine) and Two (felon in possession of firearm) were grouped together pursuant to USSG § 3D1.2(c), which requires that all counts shall be grouped together into a single group "[w]hen one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the

counts." Pursuant to USSG § 3D1.3(a), the offense level applicable to a group is the offense level for the most serious of the counts comprising the group, that is, the highest offense level of the counts in the group. In defendant's case, the firearms guideline (USSG § 2K2.1) was the guideline that produced the highest offense level, not the drug guideline (USSG § 2D1.1). Thus, the amendment to the drug guideline calculations does not reduce defendant's total offense level.

Because defendant was sentenced under the offense level determined by the firearms guideline, rather than the drug guideline, no relief is available under Amendment 782. *See* USSG § 1B1.10, cmt. n. 1(A) ("a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if: (i) None of the amendments listed in subsection (d) is applicable to the defendant; or (ii) an amendment listed in subsection (d) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."). The motion for sentence reduction is therefore DENIED.

**IT IS SO ORDERED.**

Dated: April 24, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge